Chief Justice IÍobkstsos,
delivered the opinion of f e court.
Bledsoe injoined a judgment obtained against him by Martin, alleged to have been for <11)00.
The bill relied mainly on grounds which were not sustained. But among other allegations, it charges, rather incidentally, t ;e payment by Bledsoe to Martin, of ^400 since the date of the judgment.
The answer denies those allegations in the bill, which seemed to have been (Considered by Bledsoe most ma¡erial; but does not directly, or specifically deny ¡he alleged payment of $400; but barely requires p 'oí ;f of all allegations which had not been admitted.
The circuit court dissolved the injunction with damages, amounting to $ L00, and dismissed the bill witbcosis.
Neither the hill nor answer, suggests whether or not credit had bean given for $400, on the execution, or in the judgment. And there is no fact or exhibit in the record from .vhich we can ascertain whether such credit had been given or wi hheld.
As the answer does no», expressly deny it, the alleged payment must be considered as confessed. And therefore, as it does not appear that credit had, in any way, been g; ven for the $4 K>, it seems chat tne circuit court erred in dissolving the injunction; it ought to have been perpetuated for $‘40- ■, and dissolve 1 with damages for the residue. And if in fact, Bledsoe had been credited on the execution, Martin is not without remedy, for avoiding such a credit and obtaining restitution.
Decree reversed, and cause remanded, with instruc • Hons to enter a dome conformaole to this opinion,